UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA ELIZABETH GIBBS,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 1:21-cv-00503-DAD-HBK<br><br>ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE DECISION OF THE DEFENDANT COMMISSIONER<br><br>(Doc. Nos. 24, 29, 32) |

Plaintiff Serena Elizabeth Gibbs, proceedings with counsel, brought this action seeking judicial review of the Commissioner of Social Security's final decision denying plaintiff's application for benefits under the Social Security Act. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 21, 2024, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for summary (Doc. No. 24) be denied, the defendant Commissioner's cross-motion for summary judgment (Doc. No. 29) be granted, the defendant Commissioner's decision denying plaintiff's application for benefits be affirmed, and judgment be entered in favor of the defendant Commissioner. (Doc. No. 32 at 14.) Specifically, the

1

1  magistrate judge concluded that the administrative law judge ("ALJ") provided specific, clear and
2  convincing reasons in support of discounting plaintiff's subjective testimony. (*Id.* at 6–10.) The
3  magistrate judge further concluded that the ALJ failed to identify and resolve a conflict between
4  the assessed residual functional capacity and the vocational expert's testimony regarding the
5  identified occupation of "mail clerk." (*Id.* at 11–12.) However, the magistrate judge also
6  concluded that there was no obvious or apparent conflict between the vocational expert's
7  testimony and the Dictionary of Occupation Titles ("DOT") regarding the identified occupation
8  of "apparel stock checker." (*Id.* at 12–13.) Consequently, because there were a significant
9  number of jobs available to plaintiff within the national economy, the magistrate judge concluded
10 that the ALJ's error in considering the job of "mail clerk" was harmless. (*Id.* at 13–14.)

11     The pending findings and recommendations were served on the parties and contained
12 notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at
13 14.) Plaintiff filed her objections on April 29, 2024. (Doc. No. 38.) In her objections, plaintiff
14 argues only that the magistrate judge erred in finding no obvious or apparent conflict between the
15 vocational expert's testimony and the DOT description of "apparel stock checker." (*Id.* at 2–4.)
16 Nearly all of plaintiff's arguments in her objections are repetitive of the arguments correctly
17 rejected by the magistrate judge in the pending findings and recommendations. Plaintiff's only
18 argument now advanced that was not considered by the magistrate judge is that:

> The fact that the DOT describes the function [of speaking and signaling] as 'not significant' [in the apparel stock checker job] has nothing to do with the frequency or quality of the interaction with others, but rather with the complexity of the job. Worker Functions are 'structured to suggest an upward progression from the less complex to the more complex.' For instance, a People Worker Function of 0, Mentoring, is more complex than 6, Speaking-Signaling.

24 (*Id.* at 2–3) (internal citations omitted). Plaintiff is incorrect in this regard. The *Revised*
25 *Handbook for Analyzing Jobs* ("the Revised Handbook"), published by the Department of Labor
26 and from which plaintiff quotes in her objections, states more fully: "Although the arrangement
27 within each of the three relationships (Data, People, Things) is structured to suggest an upward
28 progression from the less complex to the more complex, there are instances where hierarchical

2

relationships are limited." *Revised Handbook for Analyzing Jobs*, 3-1 (U.S. Dept. of Labor 1991). The Revised Handbook states further that People Worker Functions such as Speaking-Signaling are "activities that have little or no hierarchical arrangement. Beyond the generalization that Taking Instructions-Helping is usually the least complex People Function, the remaining Functions have no specific order denoting levels." *Id.* Plaintiff's objections therefore provide no basis for declining to adopt the pending findings and recommendations.

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

       Accordingly:

1. The findings and recommendations issued on March 21, 2024 (Doc. No. 32) are adopted in full;
2. Plaintiff's motion for summary judgment (Doc. No. 24) is denied;
3. Defendant's cross-motion for summary judgment (Doc. No. 29) is granted;
4. The defendant Commissioner's decision denying plaintiff's application for benefits is affirmed;
5. The Clerk of the Court is directed to enter judgment in favor of the defendant Commissioner and to close this case.

IT IS SO ORDERED.

Dated: **May 7, 2024**

                         DALE A. DROZD
                         UNITED STATES DISTRICT JUDGE